**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| MAUDE VALEMBRUN,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NAVY FEDERAL CREDIT UNION, and JOHN DOE, UNKNOWN NFCU BENEFICIARY CLIENT,<br><br>Defendants. | Case No. ____________________ |

* * * * * * * * * * * * *

# NOTICE OF REMOVAL

Defendant Wells Fargo Bank, National Association ("Wells Fargo") provides notice pursuant to 28 U.S.C. §§ 1332, 1441, & 1446 of the removal of the above-captioned case from the Circuit Court for Montgomery County, Maryland (the "State Court") to the United States District Court for the District of Maryland. As grounds for removal, Wells Fargo states as follows:

## BACKGROUND

1. On October 10, 2025, plaintiff Maude Valembrun ("Plaintiff") filed a *pro se* Complaint for Fraud and Negligence (the "Original Complaint") against Wells Fargo and Navy Federal Credit Union ("Navy Federal"). A copy of the Complaint is attached as **Exhibit A**. A copy of the State Court docket as of April 2, 2026 is attached as **Exhibit B**. The State Court assigned the case the number C-15-CV-25-005621.

2. The Original Complaint alleged that Plaintiff attempted to send a wire transfer from an account she held with Wells Fargo to an account she held with Navy Federal. *See* Ex. B.

Plaintiff further alleged that a Wells Fargo employee erroneously caused the transfer to be sent to a different account at Navy Federal, causing Plaintiff to lose the transferred funds and to suffer emotional distress. *See id*.

3. The Original Complaint did not specify the amount of the funds which Plaintiff transferred, nor did it quantify the amount of any damages she sought from Wells Fargo or Navy Federal. *See id*. Further, in the case information report attached to the Original Complaint, Plaintiff did not complete the section entitled "MONETARY DAMAGES" in which she was supposed to specify the amount of requested damages. *See id*.

4. Plaintiff never effected proper service of the Original Complaint on either Wells Fargo or Navy Federal. Instead, she purported to serve the defendants by sending copies of the Original Complaint (with no copy of the associated summons) to retail banking branches of Wells Fargo and Navy Federal. Copies of Plaintiff's Affidavits of Service of Wells Fargo and Navy Federal are attached hereto as **Exhibit C** and **Exhibit D**.

5. Navy Federal moved to dismiss the Original Complaint for insufficient process and failure to state a claim. Wells Fargo moved to dismiss for insufficient process, insufficient service of process, and failure to state a claim. The State Court granted both motions with leave to amend. A copy of the dismissal order is attached hereto as **Exhibit E**.

6. On March 3, 2026, after retaining counsel, Plaintiff filed a First Amended Complaint and Demand for Jury Trial ("FAC"). A copy of the FAC is attached hereto as **Exhibit F**. The FAC includes claims against Wells Fargo and Navy Federal for negligence and violations of the Uniform Commercial Code ("UCC"). *See* Ex. F ¶¶ 18-35. The FAC also adds the unknown recipient of the wire transfer as a "John Doe" defendant and brings a conversion claim against the Doe defendant. *See id*. ¶¶ 36-39.

7. The FAC indicates the amount of the transferred funds was $62,439.08. *See id.* ¶ 9. Plaintiff seeks to recover this amount, together with consequential damages for "physical and emotional distress" and for loss of use of the funds. *See id.* ¶¶ 14, 17, & 40. She also seeks to recover pre- and post-judgment interest, attorney's fees, and costs. *See id.* ¶ 40. In the case information report attached to the FAC, Plaintiff indicates she is seeking monetary damages of "[o]ver $100,000[,]" exclusive of attorney's fees, interest, and costs.

8. Counsel for Wells Fargo and Navy Federal were electronically served with the FAC when it was filed on March 3, 2026. Plaintiff effected service of the FAC and the associated summonses on Wells Fargo and Navy Federal on March 12, 2026. Copies of the affidavits of service are attached hereto as **Exhibit G** and **Exhibit H**.

**JURISDICTION AND VENUE**

9. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

10. Plaintiff is a citizen of Maryland. *See* Ex. F ¶ 1.

11. Defendant Wells Fargo is a national banking association with its main office in South Dakota. Therefore, it is a citizen of South Dakota for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006).

12. Defendant Navy Federal is a federally chartered credit union with its principal place of business in Virginia. Therefore, Navy Federal is a citizen of Virginia for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 364 (4th Cir. 2020).

13. The John Doe defendant's citizenship is disregarded for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1).

14. The amount in controversy exceeds $75,000 because the FAC seeks actual damages in excess of $100,000, together with attorney's fees.

15. Accordingly, the Court has diversity jurisdiction over Plaintiff's claims.

16. Pursuant to 28 U.S.C. § 1441(a), the District of Maryland is the proper venue for removal because the State Court lies within this District.

**PROCEDURAL COMPLIANCE**

17. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

18. Removal of this action is timely because neither Wells Fargo nor Navy Federal was properly served with process in connection with the Original Complaint. Rather, they were first served on March 12, 2026 in connection with the FAC. *See* Exs. G & H. Therefore, Wells Fargo or Navy Federal may remove the case within 30 days of that date, *i.e.*, by April 13, 2026, with April 11, 2026 falling on a Saturday. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. 6(a)(1)(C); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) (holding that 30-day removal period is triggered by formal service).

19. Even if Wells Fargo and Navy Federal had been properly served in connection with the Original Complaint, that would not have triggered the 30-day removal deadline, since the case stated by the Original Complaint was not removable. *See* 28 U.S.C. § 1446(b)(3). The Original Complaint did not specify the amount of the wire transfer, request a particular amount of damages, or request attorney's fees. *See* Ex. A. Therefore, the Original Complaint did not enable Wells Fargo or Navy Federal to determine the amount in controversy, and thus did not allow them to ascertain that the case was removable.

20. In contrast, the FAC specifies that the amount of the wire transfer was $62,439.08 and seeks to recover that amount, together with consequential damages and attorney's fees. *See*

Ex. F. Further, the case information report indicates that Plaintiff seeks total damages of more than $100,000, exclusive of attorney's fees. *See id*. Therefore, the 30-day removal period began running no earlier than March 3, 2026, when Wells Fargo and Navy Federal were electronically served with the FAC. Accordingly, the deadline for Wells Fargo or Navy Federal to remove the case is no earlier than April 2, 2026. *See* 28 U.S.C. § 1446(b)(3).

21. Counsel for Navy Federal has consented to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A); *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013) ("[A] notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal.").

22. Copies of this Notice are being served on all parties of record and filed with the State Court. *See* 28 U.S.C. § 1446(d).

Respectfully submitted,

April 2, 2026.

*/s/ John D. Sadler*

John D. Sadler (Bar No. 16421)
Jessica H. Sadler (Bar No. 17722)
Matthew D. Lamb (Bar No. 20203)
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, D.C. 20006
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
sadlerj@ballardspahr.com
sadlerjh@ballardspahr.com
lambm@ballardspahr.com

*Counsel for Defendant Wells Fargo Bank, National Association*

## CERTIFICATE OF SERVICE

I certify that on April 2, 2026, I caused a true and correct copy of the foregoing **Notice of Removal** to be served to the following via first class mail and e-mail:

Shawn D. Bartley
Howard H. Chung
SHAWN D. BARTLEY AND ASSOCIATES, LLC
8630 Fenton Street, Suite 917
Silver Spring, Maryland 20910
shawn@bartley-law.com
howard@bartley-law.com
*Counsel for Plaintiff*

Matthew W. Fogleman
THE LAW OFFICES OF RONALD S. CANTER, LLC
2200 Research Boulevard, Suite 560
Rockville, Maryland 20850
mfogleman@roncanterllc.com
*Counsel for Defendant Navy Federal Credit Union*

*/s/ John D. Sadler*
John D. Sadler