# Exhibit F

E-FILED; Montgomery Circuit Court
Docket: 3/3/2026 4:41 PM; Submission: 3/3/2026 4:41 PM
Envelope: 25373676

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

Maude Valembrun
12710 Rigdale Terrace
Silver Spring, MD 20904

Plaintiff

v.

Wells Fargo Bank
Attn: President, Secretary or Treasurer
101 N. Phillips Ave.
Sioux Falls, SD 57104

SERVE ON:
CSC -Lawyers Incorporating Service Co.
7 St. Paul Street
Baltimore, MD 21202
Resident Agent for Wells Fargo

and

Navy Federal Credit Union
820 Follin Lane
Vienna, VA 22180

SERVE ON:
CSC -Lawyers Incorporating Service Co.
7 St. Paul Street
Baltimore, MD 21202
Resident Agent for NFCU

John Doe, Unknown NFCU Beneficiary Client
(Unknown Recipient of Erroneous
Wire Transfer)

Defendants

Case No.: C-15-cv-25-005621

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

(For Negligence, Violation of Md. Code Com. Law §4A, Conversion, and Equitable Relief)

Comes now, Maude Valembrun, Plaintiff, by and through undersigned Counsel, Shawn D. Bartley, Esq., and Howard H. Chung, Esq., and Shawn D. Bartley & Associates, LLC, and hereby

files this Amended Complaint against Defendants Wells Fargo Bank ("Wells Fargo") and Navy Federal Credit Union ("NFCU"), and in support thereof, states as follows:

## PARTIES

1) Plaintiff Maude Valembrun is an individual domiciled in Montgomery County, Maryland.

2) Defendant Wells Fargo is a national bank, with a branch office located at 2800 University Boulevard, West, Wheaton, Maryland, 20902.

3) Defendant Navy Federal Credit Union is national credit union, with a branch office located at 14700 Baltimore Avenue, Laurel, Maryland, 20707.

4) Defendant John Doe is an individual or entity whose identity is presently unknown, who received and exercised dominion over Plaintiff's funds as a result of the erroneous wire transfer at issue in this case. Said individual or entity's identity and address will be determined through discovery.

## JURISDICTION AND VENUE

5) This Court has jurisdiction pursuant to Md. Code, Courts & Judicial Proceedings §1-501.

6) Venue is proper pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201(a) because each Defendant carries on regular business in Montgomery County, Maryland, and pursuant to § 6-201(b)(1) because the cause of action arose in Montgomery County when the wire transfer was initiated, processed, and executed at a Wells Fargo branch located in Montgomery County, where Plaintiff also resides.

7) This action arises in part under Maryland Commercial Law Article, Title 4A (Funds Transfers).

## FACTUAL BACKGROUND

8) On March 11, 2025, Plaintiff initiated an in-person wire transfer at Wells Fargo.

9) The transfer amount was **$62,439.08**.

10) Plaintiff intended to transfer funds from her Wells Fargo savings account to her NFCU Credit Union checking account.

11) Plaintiff reasonably relied on Wells Fargo's professional expertise to properly complete Wells Fargo's wire-transfer form.

12) The Wells Fargo employee erroneously entered the same Wells Fargo account number as both the originating and beneficiary (recipient) account.

13) Just two days later, on March 13, 2025, Plaintiff discovered that the funds had not reached her NFCU account.

14) Wells Fargo attempted to retrieve the funds via a recall, but NFCU had already credited Plaintiff's funds to an unknown and unintended NFCU customer.

15) Plaintiff followed all instructions given her by both Wells Fargo and NFCU, including filing a report/complaint with the Maryland Commissioner of Financial Regulation, and attempting to file a police report (which procedure was rejected by law enforcement).

16) On September 26, 2025, NFCU confirmed:

a) The account number matched a NFCU customer;

b) The funds were deposited to another NFCU customer's account;

c) NFCU could not locate and refused to disclose the identity of the recipient of Plaintiff's funds.

17) Despite Plaintiff's exhaustive attempts to recoup her funds, she has lost the principal sum of $62,439.08, has lost the use of her funds for nearly a year, and has suffered from both physical and emotional distress to the point of illness.

## COUNT I

(Violation of Maryland UCC-Funds Transfer,
Md. Code Comm. Law §§4A-204, 4-A-205, 4A-207, 4A-209, 4A-404, Against Wells Fargo)

18) Plaintiff incorporates prior paragraphs as if set forth fully herein.

19) Under Md. Code Comm. Law §4A-204, a receiving bank is liable for unauthorized or erroneous payment orders.

20) Under Md. Code Comm. Law §4A-207(b), when a payment order identifies a beneficiary both by name and account number and the number refers to a different person, the bank bears responsibility if it fails to exercise ordinary care.

21) Wells Fargo failed to exercise ordinary care in preparing and issuing the payment order.

22) The error was entirely attributable to Wells Fargo's employee.

23) Pursuant to Md. Code Comm. Law §4A-205, Plaintiff timely notified Wells Fargo of the erroneous payment order.

24) Under Md. Code Comm. Law §4A-404, Wells Fargo must refund the amount of the erroneous payment order.

25) As a result, Plaintiff suffered damages of **$62,439.08 plus interest**.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

A. Order Wells Fargo to reimburse Plaintiff for the full amount of the principal of the misdirected wire transfer; and

B. Order Wells Fargo to pay pre- and post-judgment interest at the statutory rate; and

C. Order Wells Fargo to pay reasonable attorneys' fees and costs to Plaintiff.

**COUNT II**

(Violation of Maryland UCC – Misdescription of Beneficiary, Md. Code Comm. Law §4A-205, §4A-207, §4A-209 Against Navy Federal Credit Union)

26) Plaintiff incorporates prior paragraphs as if fully set forth herein.

27) NFCU accepted a payment order in which the beneficiary account number did not match the name on the account, nor did the name correspond to Plaintiff's.

28) Upon notice of the error, NFCU had a duty under Md. Code Comm. Law §4A-205, §4A-207 and §4A-209 to exercise ordinary care in handling misdirected funds.

29) NFCU failed to timely freeze, secure, retrieve, or return the funds.

30) NFCU's failure caused and continues to cause loss to Plaintiff.

31) As a result, Plaintiff suffered damages of **$62,439.08 plus interest**.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

A. Order NFCU to reimburse Plaintiff for the full amount of the principal of the misdirected wire transfer; and

B. Order NFCU to pay pre- and post-judgment interest at the statutory rate; and

C. Order NFCU to pay reasonable attorneys' fees and costs to Plaintiff.

**COUNT III**

(Negligence-against Defendants Wells Fargo and NFCU)

32) Plaintiff incorporates prior paragraphs as if fully set forth herein.

33) Both Defendants owed Plaintiff a duty of ordinary care in preparing, processing, receiving and crediting Plaintiff's funds involved in the wire transfer.

34) Each Defendant breached that duty.

35) As a result, Plaintiff suffered damages of **$62,439.08 plus interest**.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

A. Order Defendants, jointly and severally, to reimburse Plaintiff for the full amount of the principal of the misdirected wire transfer; and

B. Order Defendants, jointly and severally, to pay pre- and post-judgment interest at the statutory rate; and

C. Order Defendants, jointly and severally, to pay reasonable attorneys' fees and costs to Plaintiff.

**COUNT IV**

(Conversion Against John Doe, Unknown Recipient)

36) Plaintiff incorporates prior paragraphs as if fully set forth herein.

37) The unknown and unintended recipient at NFCU wrongfully retained Plaintiff's funds.

38) Retention of mistakenly transferred funds constitutes conversion under Maryland law.

39) As a result, Plaintiff suffered damages of **$62,439.08 plus interest**.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

A. Order Defendant Doe to reimburse Plaintiff for the full amount of the principal of the misdirected wire transfer; and

B. Order Defendant Doe to pay pre- and post-judgment interest at the statutory rate; and

C. Order Defendant Doe to pay reasonable attorneys' fees and costs to Plaintiff.

**DAMAGES**

40) Plaintiff has suffered:

a) $62,439.08 in principal loss;
b) Pre-judgment interest;
c) Consequential damages;
d) Costs and attorneys' fees.

**WHEREFORE,** Plaintiff Maude Valembrun requests that this Honorable Court:

A. Grant judgment against each of the Defendants, jointly and severally, in the principal amount of $62,439.08; and

B. Grant pre- and post-judgment interest at the legal rate; and

C. Grant equitable relief requiring disclosure of the identity of the recipient of Plaintiff's funds (under protective order); and

D. Grant Plaintiff reimbursement for reasonable attorney's fees and costs; and

E. For any other relief the Court deems just and equitable.

Respectfully submitted,

__/s/*Shawn D. Bartley, Esquire*
Shawn D. Bartley, Esq., CPF No. 0206190022
Howard H. Chung, Esq. 0206190049
Shawn D. Bartley and Associates, LLC
8630 Fenton Street, Suite 917
Silver Spring, Maryland 20910
301-741-4124
shawn@bartley-law.com
howard@bartley-law.com
*Counsel for Maude Valembrun*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March, 2026, a copy of the foregoing First Amended Complaint and Request for Jury Trial was delivered electronically via MDEC and/or by first class mail to:

**Matthew W, Fogleman, Esq.**
The Law Offices of Ronald S. Canter, LLC
2200 Research Boulevard, Suite 560
Rockville, Maryland 20850
mfogleman@roncanterllc.com
*Counsel for Defendant, Navy Federal Credit Union*

**John D. Sadler, Esq.**
**Jessica H. Sadler, Esq.**
**Matthew D. Lamb, Esq.**
Ballard Spahr LLP
1909 K Street NW, 12th floor
Washington, DC 20006
sadlerj@ballardspahr.com
*Counsel for Defendant, Wells Fargo Bank, National Association*

__/s/*Shawn D. Bartley, Esquire*
Shawn D. Bartley, Esq., CPF No. 0206190022
Howard H. Chung, Esq. 0206190049
Shawn D. Bartley and Associates, LLC
8630 Fenton Street, Suite 917
Silver Spring, Maryland 20910
301-741-4124
shawn@bartley-law.com
howard@bartley-law.com
*Counsel for Maude Valembrun*

E-FILED; Montgomery Circuit Court
Docket: 3/3/2026 4:41 PM; Submission: 3/3/2026 4:41 PM
Envelope: 25378576

IN THE CIRCUIT COURT FOR Montgomery County (CC)
City/County

# CIVIL – NON-DOMESTIC CASE INFORMATION REPORT

## DIRECTIONS

***Plaintiff:*** This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).
***Defendant:*** You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT CASE NUMBER C-15-CV-25-005621 (Clerk to insert)

**CASE NAME:** MAUDE VALEMBRUN (Plaintiff) vs. NAVY FEDERAL CREDIT UNION, ET AL. (Defendant)

PARTY'S NAME: MAUDE VALEMBRUN PHONE:

PARTY'S ADDRESS: 12710 Rigdale Terrace, Silver Spring, MD 20904

PARTY'S E-MAIL:

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: SHAWN D. BARTLEY, ESQ. PHONE: 301-741-4124

PARTY'S ATTORNEY'S ADDRESS: 8630 FENTON STREET, SUITE 917, SILVER SPRING, MD 20910

PARTY'S ATTORNEY'S E-MAIL: SHAWN@BARTLEY-LAW.COM

**JURY DEMAND?** ☒ Yes ☐ No

**RELATED CASE PENDING?** ☐ Yes ☒ No If yes, Case #(s), if known:

**ANTICIPATED LENGTH OF TRIAL?:** ____ hours 2 days

## PLEADING TYPE

**New Case:** ☐ Original ☐ Administrative Appeal ☐ Appeal

**Existing Case:** ☐ Post-Judgment ☒ Amendment

***If filing in an existing case,*** skip Case Category/Subcategory section – go to Relief section.

## IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.)*

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Child Victims Act
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint – DOB of Youngest Plt:
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☒ Debt
- ☐ Fraud
- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property/ Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Worker's Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance
- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. – Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☒ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☒ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☒ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☒ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated* ***Liability*** *above,* mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☐ Liability is not conceded, but is not seriously in dispute. ☒ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000 ☐ $10,000 - $30,000 ☐ $30,000 - $100,000 ☒ Over $100,000

☐ Medical Bills $ ________ ☐ Wage Loss $ ________ ☐ Property Damages $ ________

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| | | | |
|---|---|---|---|
| A. Mediation | ☒ Yes ☐ No | C. Settlement Conference | ☒ Yes ☐ No |
| B. Arbitration | ☒ Yes ☐ No | D. Neutral Evaluation | ☒ Yes ☐ No |

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated* ***LENGTH OF TRIAL.***

***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less ☐ 3 days of trial time
☐ 1 day of trial time ☐ More than 3 days of trial time
☒ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions,*** *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited -** Trial within 7 months of Defendant's response ☐ **Standard -** Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

❒ **Expedited -** Trial within 7 months of Defendant's response

❒ **Standard -** Trial within 18 months of Defendant's response

***IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.***

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ❒ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ❒ Civil-Short | Trial 210 days from first answer. |
| ❒ Civil-Standard | Trial 360 days from first answer. |
| ❒ Custom | Scheduling order entered by individual judge. |
| ❒ Asbestos | Special scheduling order. |
| ❒ Lead Paint | Fill in: Birth Date of youngest plaintiff ______________ . |
| ❒ Tax Sale Foreclosures | Special scheduling order. |
| ❒ Mortgage Foreclosures | No scheduling order. |

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ❒ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ❒ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ❒ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ❒ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

March 3, 2026
Date

/s/ Shawn D. Bartley, Esq. 0206190022
Signature of Attorney/Party Attorney Number

8630 Fenton Street, Suite 917
Street Address

Shawn D. Bartley, Esq.
Printed Name

Silver Spring MD 20910
City State Zip Code

shawn@bartley-law.com
E-mail